**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**


RHONDA CALAWAY                                                                        **PLAINTIFF**

VS.                                             **NO. 4-09-CV-0061 SWW**

**PRACTICE MANAGEMENT SERVICES, INC.;**
**And RICHARD JOHNS, M.D.**                                              **DEFENDANTS**


**PLAINTIFF'S RESPONSE TO SEPARATE DEFENDANT RICHARD JOHNS, M.D.'S**
**MOTION TO DISMISS and ALTERNATE MOTION TO CERTIFY QUESTION**

On November 17, 2009, Separate Defendant Richard Johns moved for dismissal of

Plaintiff's claims under the Civil Rights Act of 1964, as amended (commonly referred to as Title

VII), the Arkansas Civil Rights Act ("ACRA"), and common law medical malpractice.  Plaintiff

does not contend that she stated a claim for malpractice and therefore does not oppose

Defendant's motion as to a claim for malpractice against Dr. Johns.  The factual allegations

made by Plaintiff are directed to her claim individually against Dr. Johns for retaliation under the

ACRA.

Plaintiff also acknowledges that Dr. Johns is not an employer as defined by Title VII.

Consequently, Plaintiff agrees that Dr. Johns is not a proper party defendant for a claim of

discrimination pursuant to Title VII.

However, Plaintiff has articulated and is entitled to pursue a claim for retaliation under

the ACRA.  Defendant argues that no individual liability exists under the ACRA.  To the

contrary, the ACRA provides just that, and this case presents the type of egregious facts which

illustrate why the Arkansas Legislature included such a provision in the state Act.  If Plaintiff is

correct in her assertions, Dr. Johns terminated her employment, falsely complained against her to

1

the Arkansas Nursing Board, impeded her ability to find subsequent employment, abruptly and

without notice discontinued medical treatment of her in violation of the standard of medical care

required, all in retaliation for her having complained about him having subjected her to illegal

sex discrimination.

The anti-retaliation provision of ACRA is found at Arkansas Code § 16-123-108

("Section 108"), and reads:

> No person shall discriminate against any individual because such individual in
> good faith has opposed any act or practice made unlawful by this subchapter or
> because such individual in good faith made a charge, testified, assisted, or
> participated in any manner in an investigation, proceeding, or hearing under this
> subchapter.

The Arkansas Supreme Court has yet to rule on whether the legislature's use of the term

"person" in Section 108 creates liability for *individual* actors for their acts of retaliation.  The

weight of authority supports a conclusion that Arkansas intended for individual actors to be

liable for their acts of retaliation.

First, a proper reading of the plain language of Section 108 leads to the conclusion that

the Arkansas Legislature intended the anti-relation provisions to apply to individuals as well as

corporate entities.  "The first rule in considering the meaning and effect of a statute is to construe

it just as it reads, giving the words their ordinary and accepted meaning in common language."

*Faulkner v. Arkansas Children's Hospital,* 347 Ark. 941, 963 (2002). Here, the language could

not be plainer. Section 108 uses the term "person," where the sections for non-retaliatory

discrimination use the term "employer." It must be assumed that the legislature chose its words

consciously. *See Yamaha Motor Corp. v. Richard's Honda Yamaha,* 344 Ark. 44, 38 S.W.3d 356

(2001).

Notably, the anti-retaliation provisions of Title VII use the term "employer" not the words "any person".  The Arkansas Legislature was not unmindful of Title VII as it specifically provided that Title VII be used as guidance for interpretation.  However, the Arkansas Legislature did not mimic the anti-retaliation provisions when it certainly could have done so. The ACRA follows Title VII's pattern of using the term  "employer" in the anti-discrimination provisions, thus showing that the legislature recognized it as a term of art within ACRA but declined to use it in Section 108. In fact, *both* "employer" and "person" are defined terms in ACRA, meaning they were not intended to be interchangeable. If the legislature had meant to limit Section 108 to "employers," it could have, and would have, done so.

This point finds further support in Defendant's own argument. As Defendant notes, the remedies for a violation of Section 108 are found in § 107(b), while remedies for the provisions applicable only to "employers" are found elsewhere in § 107(c). Again, the statute indicates a conscious legislative decision to treat retaliation differently from discrimination.

Defendant urges the Court to ignore Section 108's plain language, but his reliance on *Morrow v. City of Jacksonville*, 941 F. Supp. 816 (E.D. Ark. 1996) in support is misplaced. Although the court in *Morrow* did dismiss claims under the ACRA against the individual defendants, the District Court's ruling was based upon the use of the term "employer" contained in A.C.A. 16-123-105 & -107.  The *Morrow* decision did not address, nor rule on how the term "person" found in A.C.A. 16-123-108 should be interpreted.  In fact, that question was not addressed.  *Morrow* involved claims against *state actors*, where the plaintiff alleged retaliation resulting from a discrimination charge she had filed relating to her *obesity*. The court declined to find individual liability for two reasons: "1) [Plaintiff's] supervisors do not fit the definition of an "employer" found at A.C.A. 16-123-105 & -107; and 2) her rights the defendant allegedly

3

violated are not covered by the Arkansas Constitution and thus 16-123-103 is not implicated." 941 F. Supp. at 820. In the instant case, Plaintiff's claim is made under a different section – 16-123-108. The instant retaliation claim does not suffer from the defects present in *Morrow* – Section 108 uses the term "any person" rather than "employer."

As for cases directly on point to the issue, Defendant cites one case from the Eastern District of Arkansas – *Whitney v. Unibar Maintenance Services, Inc.*, 4:04-CV-00561 (2004). However, at least *three* Arkansas district court cases directly *reject* Defendant's position. *Vineyard v. EWI, Inc.*, 4:02-CV-00609 (E.D. Ark. 2002) (allowing individual liability in ACRA retaliation cases, because "ACRA's retaliation provision is arguably broader" than the Act's other sections); *Sparr v. Ward*, 4:00-CV-00717 (E.D. Ark. 2004) ("ACRA makes a distinction between the liability imposed upon 'employers' in [Section 107] and upon 'persons' in [Section 108]."); *Wilson v. Zeigler*, 3:03-CV-00306 (2004) (citing *Vineyard*). Although Plaintiff concedes there is mixed authority within this District, the weight of that authority tips in Plaintiff's favor.

Authority in other jurisdictions is split as well. Defendant argues that Section 108 of ACRA may be interpreted by analogy to a similarly-worded provision – Subchapter IV of the Americans with Disabilities Act ("ADA") -- because both laws use the term "person" when recognizing the cause of action.[1] Citing four cases, Defendant states that "nearly all of the federal courts considering this issue have recognized that individuals cannot be sued for retaliation under the ADA including in the employment context." However, at least the same number of cases specifically analyzing Title IV of the ADA hold that individuals *can* be held liable. *See e.g. Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 167-68 (11th Cir. 2003) (noting that "Congress knows

---

[1] "The ADA is divided into four subchapters. Subchapter I prohibits discrimination on the basis of disability in employment, *see* 42 U.S.C. § 12111-12117, Subchapter II in the provision of public services, *see* 42 U.S.C. § 12131-12165, and Subchapter III by places of public accommodation. *See* 42 U.S.C. § 12181-12189. Subchapter IV sets out various miscellaneous provisions, see 42 U.S.C. § 12201-12213, including the anti-retaliation provision at issue here, 42 U.S.C. § 12203." *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161 (11th Cir. 2003).

how to use specific language to identify which particular entities it seeks to regulate" and that the use of the term "person" in Title IV is "distinct duty-creating language that plainly includes individuals"); *Alston v. Dist. Of Columbia*, 561 F. Supp. 2d 29 (D.D.C. 2008); *Smith v. University of the State of N.Y.*, 1997 WL 800882 at *6 (W.D.N.Y. 1997); *Thomas v. Pa. Dept. of Corrections*, 2008 WL 68268 at *5 (W.D. Pa. 2008); *Zied-Campbell v. Richman*, 2007 WL 1031399 at *18 (M.D. Pa. 2007); *Dalto v. Harrison*, -- F. Supp. 2d --, 2009 WL 2914406 (E.D. Pa. 2009). These cases are more recent than the ones cited by Defendant, and represent a growing trend of recognizing individual liability under the plain language of Title IV of the ADA.

In the alternative, Plaintiff respectfully requests this Court to certify this issue for resolution by the Arkansas Supreme Court. In the event that the Court is hesitant to hold that Section 108 of ACRA recognizes individual liability for retaliation, the issue is appropriate for resolution in state court. *See Vinyard*, *supra* ("[T]his may be a suitable issue for certification by the Arkansas Supreme Court."). In fact, the Arkansas Supreme Court has already accepted certification of this exact question, but that case was resolved before a decision was reached. *Battles v. Townsend*, 374 Ark. 59, 285 S.W.3d 629 (2008).

For the above reasons, Defendant's Motion to Dismiss should be denied as to the ACRA retaliation claim.  In the alternative, the issue should be submitted to the Arkansas Supreme Court for determination.

Respectfully Submitted,

**Rhonda Calaway, Plaintiff**

**Chisenhall, Nestrud & Julian, P.A**.
400 West Capitol Avenue, Suite 2840
Little Rock, AR 72201
(501) 372-5800 Telephone
(501) 372-4941 Facsimile


BY:      **/s/ Denise Reid Hoggard**                           
         **Denise Reid Hoggard**, ABN84072
            **dhoggard@cnjlaw.com**

## **CERTIFICATE OF SERVICE**

I, Denise Reid Hoggard, do hereby certify that a true and correct copy of the above and foregoing pleading has been served upon all attorneys of record via electronic filing with the Clerk and electronic notification to counsels of record on this 30th day of November, 2009.

H. Wayne Young, Jr.
Bradley S. Runyon
FRIDAY, ELDREDGE & CLARK
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201

Byron Freeland
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201

_____**/S/ Denise Reid Hoggard**_____
DENISE REID HOGGARD