**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**RHONDA CALAWAY**                                                                                              **PLAINTIFF**

**VS.**                                        **NO. 4:09-CV-0061 SWW**

**PRACTICE MANAGEMENT SERVICES, INC.
And RICHARD JOHNS, M.D.**                                                                  **DEFENDANTS**

**SEPARATE DEFENDANT RICHARD JOHNS, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.     Introduction**

Plaintiff Rhonda Calaway has abandoned all her claims against Separate Defendant Richard Johns except for her claim of alleged retaliation under the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-108.  Calaway argues that Dr. Johns' Motion should either be denied, or, in the alternative, this Court should certify this question to the Arkansas Supreme Court.  Based on the applicable authorities, the more well-reasoned view is that individual supervisors, such as Dr. Johns, are not liable for employment-related retaliation under the statute, and therefore certifying the question is unnecessary.

**II.    Discussion**

Calaway has misapplied the analogy between the anti-retaliation provisions of the Americans with Disabilities' Act and the ACRA.  The anti-retaliation provisions of these statutes are similar, and based upon applicable authority, neither imposes individual liability for retaliation based upon underlying claims of employment discrimination.

Both the ADA and the ACRA cover a broad range of conduct. The ADA prohibits discrimination with respect to public services (Title II) as well as public accommodations (Title III), in addition to employment (Title I). The ACRA establishes causes of action for deprivation of rights secured by the state Constitution (Ark. Code Ann. § 16-123-105), provides a cause of action for hate offenses (§ 106), and prohibits discrimination with respect to public accommodations, property transactions, credit and other contract transactions, and the right to vote on account of race, religion, national origin, gender or disability. (§ 107)

Section 108 of the ACRA provides a cause of action for retaliation with respect to various types of rights created in the ACRA. Therefore, the ACRA does not limit the retaliation provision to "employers," because the ACRA is not limited in scope to employment discrimination, just as the ADA is not limited to employment discrimination. Like Congress did with respect to the ADA, the Arkansas legislature drafted the anti-retaliation provision in such a way as to clearly cover the various types of rights created in the statute not just employment.

Recognizing this fact, federal courts have distinguished between individual liability for retaliation related to the employment provisions of the ADA as opposed to retaliation related to other areas covered under the ADA. Calaway cites several cases involving retaliation claims against individuals under the ADA, but *all* of these cases are Title II cases involving public services. These are not Title I cases involving complaints of employment discrimination. In fact, one case Calaway cites specifically holds, "In cases involving retaliation for the exercise of rights under Title I, involving employment, courts have uniformly found that individual liability is not available," and "Courts

considering retaliation claims involving the exercise of Title I rights forbidding employment discrimination have found that individual liability may not be imposed for such claims." *Datto v. Harrison*, 2009 U.S. Dist. LEXIS 82965, * 43-44 (E.D. Pa. 2009) (emphasis added) (*citing Albra v. Advan, Inc.*, 490 F.3d 826, 830-34 (11th Cir. 2007); *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999); *Stern v. Cal. State Archives*, 982 F. Supp. 690, 692-93 (E.D. Cal. 1997); *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F. Supp.2d 393 (E.D. Pa. 2002)).

Calaway's underlying protected activity is based upon employment discrimination. Therefore her analogy to public services/Title II cases under the ADA is misplaced. The proper analogy is to the holding from *Datto* that individual liability should not be imposed for retaliation claims involving exercise of *employment rights*. Calaway's retaliation claim is based on her alleged complaints involving employment discrimination. Therefore, her claims against Dr. Johns for alleged retaliation under the ACRA should be dismissed.

Calaway's argument that the weight of authority within the District is in her favor is misplaced. To counter Judge Moody's opinion in *Whitney v. Unibar Maintenance Services, Inc.*, 4:04:CV00561 JMM (E.D. Ark., June 24, 2004), Calaway cites to Judge Eisele's opinion in *Vineyard v. EWI*, 4:02:CV00609 GTE (E.D. Ark., Dec. 16, 2002) and two additional opinions from Judge Wilson adopting the *Vineyard* decision without discussion.

The opinion in *Vineyard* is equivocal and states the Court, "cannot determine with confidence whether Mr. Whiteside is entitled to dismissal under the ACRA's retaliation provision." Judge Eisele went on to hold the ACRA retaliation provision is "arguably

broader in scope" than the employment discrimination provision. Finally, he made a "preliminary holding" subject to additional briefing, that plaintiff's claim of retaliation could proceed. Judge Eisele specifically noted the lack of case law and the opinion did not include any discussion beyond the language of the statute itself. Judge Wilson adopted the *Vineyard* holding in *Sparr* and *Wilson* without discussion. On the other hand, the opinion in *Whitney* does contain a discussion regarding the statutory construction of the ACRA to support the Court's conclusion individual liability is not imposed under the ACRA. Therefore while there is a split of authority within the District, the *Whitney* decision is the most recent and contains the most thorough discussion of the issue. Moreover, the *Vineyard*, *Sparr*, and *Wilson* decisions do not consider the analysis of the similar ADA retaliation provision discussed above.

As Calaway cannot pursue a claim against Dr. Johns individually for retaliation related to complaints of sexual harassment, this Court should grant the remaining portion of Dr. Johns' Motion to Dismiss.

        Respectfully Submitted,

        H. Wayne Young, Jr. #2003128
        FRIDAY, ELDREDGE & CLARK, LLP
        400 W. Capitol Avenue, Suite 2000
        Little Rock, Arkansas 72201-3493
        501-370-1402
        Wyoung@fec.net

        Attorneys for Separate Defendant
        Richard Johns, M.D.

        */s/ H. Wayne Young, Jr.*
        H. Wayne Young, Jr.
        Arkansas Bar No. 2003128

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Denise Reid Hoggard
dhoggard@cnjlaw.com

Nicholas Lincoln Rogers
nrogers@cnjlaw.com

/s/ *H. Wayne Young, Jr.*