**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION

| | | |
|---|---|---|
| RHONDA CALAWAY | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:09CV00061   SWW |
| PRACTICE MANAGEMENT | * | |
| SERVICES, INC. and RICHARD | * | |
| JOHNS, M.D. | * | |
| | | |
| Defendants | | |

**CERTIFICATION ORDER**

Pursuant to Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas, this Court certifies to the Supreme Court of Arkansas a question of law that may be determinative of this case and as to which it appears there is no controlling precedent in the decisions of the Supreme Court of Arkansas.

**I.**

**QUESTION OF LAW TO BE ANSWERED**

Whether an individual supervisor can be held personally liable for alleged acts of retaliation prohibited under the anti-retaliation provision of the Arkansas Civil Rights Act ("ACRA"), Ark.  Code Ann. § 16-123-108(a).[1]

---

[1] The anti-retaliation provision provides:

> No person shall discriminate against any individual because such individual in good faith has opposed any act or practice made unlawful by this subchapter or because such individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

Ark. Code Ann. § 16-123-108(a).

## II.

## FACTS RELEVANT TO THE QUESTION

Plaintiff Rhonda Calaway brings this employment dispute against Practice Management Services, Inc. ("PMS") and Richard Johns, M.D. ("Johns").  Plaintiff alleges that Johns served as her primary care physician and hired her to work as a nurse for PMS.  Johns also served as Plaintiff's supervisor during her employment at PMS.

Plaintiff alleges that she suffered a hostile working environment at PMS based on sexual harassment by Johns, that she reported Johns' behavior to an office manager, and that Johns terminated her employment immediately after he learned that she had complained about his conduct.  Plaintiff further alleges that after her termination, Johns filed a complaint with the Arkansas Nursing Board, falsely claiming that she had submitted unauthorized prescriptions to pharmacies, and he cancelled all remaining refills on medications that he had prescribed for Plaintiff, without notice or explanation.

On January 27, 2009, Plaintiff filed this lawsuit against PMS and Johns, asserting claims for hostile environment and retaliation under Title VII of the Civil Rights Act of 1964 and supplemental state law claims for retaliation against PMS and Johns under the anti-retaliation provision of the ACRA, Ark. Code Ann. § 16-123-108(a).

Johns asserts that Plaintiff's claims against him individually under Title VII and the ACRA must be dismissed because a supervisor cannot be held personally liable under either statute.  Plaintiff has acknowledged that Johns is not subject to individual liability under Title VII.  However, Plaintiff maintains that a supervisor sued in his individual capacity for

retaliation prohibited under Ark. Code Ann. § 16-123-108(a) is subject to personal liability under the ACRA.

The question of whether an individual supervisor can be held personally liable for alleged acts of retaliation prohibited under Ark. Code Ann. § 16-123-108(a) is likely to arise repeatedly in federal cases, and there is no precedent from the Supreme Court of Arkansas on the issue. Additionally, there is no consensus among the Judges in this United States District Court on the issue.[2]

### III.

### REFORMULATION OF THE QUESTION

The United States District Court hereby acknowledges that the Supreme Court of Arkansas, acting as the receiving court, may reformulate the question presented.

### IV.

### COUNSEL OF RECORD AND PARTIES

**Attorneys for Plaintiff, Rhonda Calaway**

Denise Reid Hoggard and Nicholas Lincoln Rogers
Chisenhall, Nestrud & Julian, P.A.
400 West Capitol Avenue, Suite 2840
Little Rock, AR 72201
(501) 372-5800
Email: dhoggard@cnjlaw.com

---

[2] *Compare Goal v. Retzer Resources Inc.*, Case No. 5:09CV00137 JLH (E.D. Ark. Dec. 22, 2009)("A plain reading of the retaliation section of the ACRA shows that the prohibition applies to individual persons as well as corporate employers."); *Wilson v. Zeigler*, Case No. 3:03CV00306 WRW (E.D. Ark. June 1, 2004)(permitting plaintiff to proceed with a retaliation claim under the ACRA against defendant in his individual capacity); *and Vineyard v. EWI, Inc., et al,* Case No. 4:02CV00609 GTE (E.D. Ark. Dec. 16, 2002)(finding preliminarily that there is individual liability for retaliation under the ACRA); *with Whitney v. Unibar Maint. Serv., Inc.,* No. 4:04CV00561 JMM (E.D. Ark. June 23, 2004)(finding no individual liability for supervisor in individual capacity for retaliation under the ACRA).

Email:  nrogers@cnjlaw.com

**Attorneys for Defendant, Richard Johns, M.D.**

Bradley S. Runyon and Harold Wayne Young, Jr.
Friday, Eldredge & Clark, LLP
Regions Center
400 West Capitol Avenue, Suite 2000
Little Rock , AR 72201-3522
(501)  370-3383 (Bradley Runyon)
(501) 370-1402  (Harold Wayne Young, Jr.)
Email: brunyon@fridayfirm.com
Email:  wyoung@fec.net

**Attorney for Defendant Practice Management Services, Inc.**

Byron L. Freeland
Mitchell, Williams, Selig, Gates & Woodyard, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock , AR 72201
(501) 688-8810
Email: bfreeland@mwlaw.com

**V.**

The Clerk of the Court is hereby directed to forward this Order to the Supreme Court of Arkansas under his official seal.

IT IS SO ORDERED THIS 26TH  DAY OF JANUARY, 2010.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE