FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 01 2010
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# SUPREME COURT OF ARKANSAS
No. 10-105

| | |
|---|---|
| RHONDA CALAWAY,<br>PETITIONER<br><br>VS.<br><br>PRACTICE MANAGEMENT SERVICES,<br>INC. and RICHARD JOHNS, M.D.,<br>RESPONDENTS | Opinion Delivered November 11, 2010<br><br>CERTIFICATION OF QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION,<br>THE HONORABLE SUSAN WEBBER WRIGHT, UNITED STATES DISTRICT JUDGE,<br><br>CERTIFIED QUESTION ANSWERED. |

**JIM HANNAH, Chief Justice**

This case involves a question of law certified to this court by the United States District Court for the Eastern District of Arkansas in accordance with Arkansas Supreme Court Rule 6-8 (2010) and accepted by this court on February 12, 2010. *See Calaway v. Practice Mgmt. Servs., Inc.*, 2010 Ark. 69. The certified question is: Can an individual supervisor be held personally liable for alleged acts of retaliation prohibited under Arkansas Code Annotated section 16-123-108(a)(Repl. 2006), the anti-retaliation provision of the Arkansas Civil Rights Act (ACRA)? We answer in the affirmative.

The certified question arises from an employment dispute filed by Rhonda Calaway against Practice Management Services, Inc. (PMS) and Richard Johns, M.D. Calaway alleges

that Johns served as her primary care physician and hired her to work as a nurse for PMS. Johns also served as her supervisor during her employment at PMS.

Calaway alleges that she suffered a hostile working environment at PMS based on sexual harassment by Johns, that she reported Johns's behavior to an office manager, and that Johns terminated her employment immediately after he learned that she had complained about his conduct. Calaway further alleges that, after her termination, Johns filed a complaint with the Arkansas Nursing Board, falsely claiming that she had submitted unauthorized prescriptions to pharmacies, and he cancelled all remaining refills on medications that he had prescribed for Calaway, without notice or explanation.

On January 27, 2009, Calaway filed a lawsuit in federal district court against PMS and Johns, asserting claims for hostile environment and retaliation under Title VII of the Civil Rights Act of 1964 and supplemental state-law claims for retaliation against PMS and Johns under the anti-retaliation provision of the ACRA, Arkansas Code Annotated section 16-123-108(a).

Johns asserted that Calaway's claims against him individually under Title VII and the ACRA must be dismissed because a supervisor cannot be held personally liable under either statute. Calaway has acknowledged that Johns is not subject to individual liability under Title VII; however, she maintains that a supervisor sued in his individual capacity for retaliation prohibited under Arkansas Code Annotated section 16-123-108(a) is subject to personal liability under the ACRA.

In her brief submitted to this court, Calaway contends that section 16-123-108(a)

unambiguously imposes individual liability for retaliation because the statute prohibits retaliation by any "person." Johns responds that, in the employment context, the ACRA does not permit a claim for retaliation against an individual supervisor. He contends that only employers are subject to liability for employment-related retaliation.

The basic rule of statutory construction is to give effect to the intent of the legislature. *Ward v. Doss*, 361 Ark. 153, 205 S.W.3d 767 (2005). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.*

There is a distinction in the ACRA between who is subject to liability for employment discrimination in 16-123-107(c)(1)(A) (Repl. 2006) and who is subject to liability for retaliation in section 16-123-108(a). Section 16-123-107(c)(1)(A) prohibits discriminatory acts by *employers*. On the other hand, section 16-123-108(a) prohibits discriminatory acts by all persons, providing that

> [n]o *person* shall discriminate against any individual because such individual in good faith has opposed any act or practice made unlawful by this subchapter or because such individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

(Emphasis added.)

"Person" is not defined for the purposes of the ACRA. *Black's Law Dictionary* defines

-3-

10-105

"person" as "[a] human being," or "[a]n entity (such as a corporation) that is recognized by law as having the rights and duties of a human being." *Id.* at 1257 (9th ed. 2009). In the absence of a statutory definition for a term used in a statute, we resort to the plain meaning of the term. *See, e.g., Arkansas Dep't of Econ. Dev. v. William Jefferson Clinton Presidential Found.*, 364 Ark. 40, 216 S.W.3d 119 (2005). Therefore, we hold that the anti-retaliation provision of the ACRA prohibits discrimination by a human being or an entity that is recognized by a law as having the rights and duties of a human being. Accordingly, an individual supervisor can be held personally liable for alleged acts of retaliation prohibited under Arkansas Code Annotated section 16-123-108(a).

      Certified question answered.

# MANDATE

## CERTIFIED QUESTION ANSWERED

STATE OF ARKANSAS
In the Supreme Court

Proceedings of November 11, 2010

| | |
|---|---|
| 10-105 | |
| RHONDA CALAWAY | PETITIONER |
| v. an Original Action | |
| (4:09CV00061 SWW) | |
| PRACTICE MANAGEMENT SERVICES, | |
| INC. and RICHARD JOHNS, M.D. | RESPONDENTS |

     This certified question of law was submitted to the Arkansas Supreme Court as an original action petition from the United States District Court for the Eastern District of Arkansas, Western Division, and on briefs of the respective parties. After due consideration, it is the decision of the Court that the certified question is answered for the reasons set out in the attached opinion.

                      IN TESTIMONY, that the above is a true copy of
                      the judgment of the Arkansas Supreme Court. I,
                      Leslie W. Steen, Clerk, set my hand and affix the
                      seal this 30th day of November, A.D. 2010.

_____
                                  Clerk